UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEVE PERSCHKE | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| HELIX ENERGY SOLUTIONS GROUP, | § | |
| INC. and HELIX WELL-OPS, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Steve Perschke, ("Perschke"), individually and on behalf of others similarly situated, complaining of Helix Energy Solutions Group, Inc. ("Helix") and Helix Well Ops, Inc. ("WOI") (collectively "Defendants"), and would respectfully show as follows:

## I. BACKGROUND

1.1     Perschke worked as an HVAC Technician for Helix and WOI. Defendants paid him and similarly situated HVAC Technicians a day rate for their work. Defendants did not pay Perschke or their other HVAC Technicians overtime, even though Perschke and similarly situated HVAC Technicians routinely worked more than 40 hours/week when working on an offshore platform. Perschke is therefore suing for damages under the Federal Labor Standards Act ("FLSA") on his own behalf, and seeks to represent a class of similarly situated individuals.

## II. PARTIES

2.1     Plaintiff is a resident citizen of the State of Texas.

2.2     Defendant Helix Energy Solutions Group, Inc. is a Minnesota corporation operating in Texas with its Corporate Headquarters located at 3505 W. Sam Houston Pkwy N., Suite 400,

Houston, Texas 77043. It may be served with a summons through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.3   Defendant Helix Well Ops, Inc. is a Texas corporation with its Corporate Headquarters located at 3505 W. Sam Houston Pkwy N., Suite 400, Houston, Texas 77043. It may be served with a summons through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.4.   The "Members of the Class" are all current and former HVAC Technicians employed by Helix and/or WOI to work on offshore platforms, who were paid a "day rate" with no overtime, and thus did not receive overtime pay at the rate of one and one-half their regular rate when they worked more than forty hours in a workweek. Like Perschke, these persons were and are engaged in interstate commerce in performing their duties for Helix and/or WOI. All of the "Members of the Class" are similarly situated to Perschke and to one another, within the meaning of section 216(b) of the FLSA.

### III. JURISDICTION

3.1   The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For years, both Defendants have done business in the State of Texas, and continue to do business in the State of Texas for the purpose of accumulating monetary profits.

3.2   The Court has subject matter jurisdiction over this case based on federal question jurisdiction. There is federal question jurisdiction because Perschke brings a claim under the FLSA, 29 U.S.C. § 201, *et. seq.*

## IV.  CLASS ACTION ALLEGATIONS

4.1     This is brought as a class action pursuant to Rule 23, Fed.R.Civ.P.  In compliance with Rule 23, it is alleged that:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

4.2     "Members of the Class" are all current and former HVAC Technicians employed by Helix and/or WOI to work on offshore platforms, who were paid a "day rate" with no overtime, and thus did not receive overtime pay at the rate of one and one-half their regular rate when they worked more than forty hours in a workweek. Like Perschke, these persons were and are engaged in interstate commerce in performing their duties for Helix and/or WOI. All of the "Members of the Class" are similarly situated to Perschke and to one another, within the meaning of section 216(b) of the FLSA.

## V.  VENUE

5.1     Venue is proper in this District because Defendants are residents of the state in which the district is located, and a substantial part of the events or omissions giving rise to these claims occurred in this District. 28 U.S.C. § 1391.

## VI.  FACTS AND NEGLIGENCE OF DEFENDANTS

6.1     From December, 2014, through December 17, 2020, Helix employed Perschke as an HVAC Technician. Perschke's assignments required him to work on offshore oil and gas platforms. He would ordinarily work hitches of 28 days on a platform, followed by 28 days off work on land.

6.2     In this position, Perschke, and those similarly situated HVAC Technicians, were paid a "day rate." In Perschke's case that day rate varied from $784/day to $895/day. Perschke and those similarly situated HVAC Technicians were not paid overtime even though, when on an offshore platform, they routinely worked 84 hours/week (12 hours/day) or longer. Defendants' pay records during the statute of limitations period will demonstrate that they paid Perschke and the Members of the Class a "day" rate, premised on a 12-hour day, regardless of the number of hours they worked.

6.3     As Defendants' know quite well, their payment of a day rate without the payment of overtime to Perschke and similarly situated individuals violates the FLSA. *See Hewitt v. Helix Energy Sols. Grp.*, 2020 U.S. App. LEXIS 40236 (5th Cir. 2020). Helix has previously litigated this very issue, and has been found to have violated the FLSA by failing to pay overtime to employees who were paid day rates for more than 40 hours/week worked.

## VII.  FLSA CLAIM FOR OVERTIME PAY

7.1     All conditions precedent, if any, to this suit, have been fulfilled.

7.2     At all material times, Perschke and the Members of the Class were "employees" as that term is defined in the FLSA, 29 U.S.C. § 203(e) ("Except as provided in paragraphs (2), (3), and (4), the term "employee" means any individual employed by an employer.).

7.3     At all material times, Defendants were covered "employers" as that term is defined in the FLSA, 29 U.S.C. § 203(d) (" "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee...").

7.4     Defendants, at all materials times, have each been an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.5     In each of the past three years, Defendants have been "enterprises engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

7.6     Neither Perschke, nor the Members of the Class, was ever exempt from overtime under the FLSA.

7.7.    At all material times, Perschke and the Members of the Class routinely worked in excess of 40 hours per seven-day workweek, and the Defendants knew that.

7.8     Pursuant to the FLSA, employers such as Defendants are generally required to pay nonexempt employees like Perschke and the Members of the Class time and one-half their regular rate for all hours worked over 40 in a workweek. At all material times, Perschke and The Members of the Class were entitled to overtime compensation for hours worked over 40 in a 7-day workweek. 29 U.S.C. § 207(a)(1) ("Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."). *See also Helix*, 2020 U.S. App. LEXIS 40236, at *1-2 (" The Fair Labor Standards Act establishes a standard 40-hour work week by requiring employers to pay a 50 percent overtime penalty for any time worked over 40 hours per week.).

7.9     At all materials times, as set forth herein, Defendants failed to pay Perschke and the Members of the Class overtime compensation of one and one-half their regular rate of pay (or any overtime compensation at all) for hours worked over 40 in a workweek. Thus, they violated the FLSA.

5

## VIII.  DAMAGES

8.1     Defendants owe Perschke and the Members of the Class unpaid overtime wages.

8.2     Pursuant to 29 U.S.C. § 216(b), in addition to the amount of their unpaid overtime compensation, Defendants owe Perschke and the Members of the Class an equal amount as liquidated damages.

8.3     Defendants cannot meet their substantial burden of demonstrating good faith and reasonable belief that their actions did not violate the FLSA. Defendant Helix was previously sued for violating the FLSA in the same manner detailed in this Complaint. Defendants knowingly, consciously, intentionally chose not to pay overtime to Perschke or the Members of the Class. Because Defendants violations of the FLSA were "willful," the causes of action of Perschke and the Members of the Class may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255(a).

8.4     Perschke and the Members of the Class are also entitled to reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

8.5     When the employers' actions or policies are effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825, 2007 U.S. Dist. LEXIS 49060, *11 (N.D. Tex. 2007) (citing *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 375 (E.D. Tenn. 2006)).

8.6     Pursuant to 29 U.S.C. § 216(b), Perschke seeks to represent a class against Defendants on behalf of "all current and former HVAC Technicians who were employed by Defendant Helix and/or Defendant WOI during the three-year period preceding the filing of this Complaint who were paid a "day rate" with no overtime, and thus did not receive overtime pay at

the rate of one and one-half their regular rate when they worked more than forty hours in a workweek.

## IX. JURY DEMAND

9.1     Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff Perschke prays the Court issue Summons for Defendants to appear and answer, and that Plaintiff Perschke and the Members of the Class be awarded a judgment against Defendants for:

  a.   Actual damages in the amount of unpaid overtime wages;

  b.   Liquidated damages under the FLSA;

  c.   Prejudgment and post-judgment interest;

  d.   Court costs;

  e.   Reasonable attorneys' fees; and

  f.   All other relief to which Plaintiff and the Members of the Class are justly entitled.

Respectfully submitted,

/s/ Marc Evan Kutner
Marc E. Kutner
Attorney-in-Charge
SBN 11770575 | SDTX ID 6238
mkutner@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
713.653.5600 (T)
713.653.5656 (F)

**OF COUNSEL**

SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
713.653.5600 (T)
713.653.5645 (F)
*Attorneys for Plaintiff*